IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

HERBERT PHILLIP MALONE,
REG.  #38681-098                                                                                    PETITIONER

V.                                         CASE NO. 4:17-CV-9-BSM-JTK

UNITED STATES PAROLE
COMMISSION                                                                                          RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Court Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

DISPOSITION

Pending before the Court is Petitioner's Motion for Order to Release Funds (DE # 5) and Motion for Default Judgment (DE #9) as well as Respondent's Motion to Dismiss (DE #13). For the reasons set forth below, it is recommended that Respondent's Motion to Dismiss be GRANTED; thereby making all other pending motions moot.

Procedural History

The Petitioner was sentenced to fifteen (15) years in prison on March 23, 1981, by the U.S. District Court for the Southern District of California for bank robbery. (DE #13-1)  His sentence was later modified to a prison term of ten (10) years. *Id.*  Petitioner was released on parole on November 12, 1984, until the expiration of his sentence on September 5, 1990. (DE # 13-2)  On August 27, 1986, Petitioner was convicted of aggravated robbery with a deadly weapon, aggravated assault, and theft of property greater than or equal to $2,500, in Circuit Court of Pulaski

2

County, Arkansas. (DE # 13-4) He was sentenced to 348 years in prison. *Id.* Upon notice that Petitioner had violated the conditions of his parole by breaking the law and possessing a firearm, the United States Parole Commission (the "Commission") issued a warrant for petitioner. (DE # 13-3) On September 25, 1986, the Commission directed the U.S. Marshal of the Eastern District of Arkansas to place a detainer on the Petitioner to take him into federal custody for the parole violation should he be sentenced to a new term of imprisonment or released from state custody. *Id.* On December 30, 2016, the U.S. Marshals Service executed the Commission's warrant and Petitioner was committed to the Pulaski County Detention Center. (DE # 13-3) The Commission sent a letter on January 9, 2017, requesting that the Bureau of Prisons designate petitioner[1] to a federal institution so that could be given a revocation hearing by March 30, 2017. (DE # 13-6)

On January 6, 2017, the Petitioner filed a writ of habeas corpus requesting the Court to "discharge a thirty year old federal parole violation." (DE # 1) Specifically, Petitioner argues that he should not have been turned over to the State of Arkansas for prosecution until the parole violation was satisfied and/or completed. *Id.* Petitioner filed an amended petition on February 14, 2017, in which he alleged that he is being held without due process because he has not yet received a revocation hearing on his federal parole violation. (DE # 8) Additionally, Petitioner raised some claims regarding his medical condition and alleged that he has not received his prescription medication or proper medical care. *Id.* The Commission filed its Response to Petition for Writ of Habeas Corpus and Motion to Dismiss on March 8, 2017. (DE # 13) In it, the Commission denies all the allegations set forth in the petition and argues that the petition should be dismissed because

---

[1] Letter is stated to be regarding "Edward Davis" because at the time of Petitioner's sentence in the United States District Court for the Southern District of California the Petitioner was identifying himself as "Edward Davis" as evidenced by his signature on his Certificate of Parole. (DE # 13-2)

according to federal law there has been no delay or deprivation of a hearing on petitioner's parole violation. *Id.*

## Discussion

The United States Supreme Court has ruled that there is "no constitutional duty to provide petitioner an adversary parole hearing until he is taken into custody as a parole violator by execution of the warrant." *Moody v. Daggett*, 429 U.S. 78, 89 (1976). Pursuant to 18 U.S.C. § 4214(c), any alleged parole violator that is retaken by a Commissioner's warrant is entitled to a revocation hearing within ninety (90) days of being retaken. Furthermore, the Petitioner is entitled to have notice of the hearing, be allowed to testify on his own behalf, and shall have counsel or another representative unless such right is waived. *Id.* On January 9, 2017, the Commission sent notice to the Petitioner, which advised him that he would be transferred to a federal institution for the purpose of holding a revocation hearing, the reasons for the hearing, and that he was entitled to appointment of counsel. (DE # 13-6)

Here, the U.S. Marshals took the Petitioner into custody on December 30, 2016; therefore, pursuant to 18 U.S.C. 4214(c) the revocation hearing should be conducted by March 30, 2017. The purpose of the revocation hearing is to determine whether the Petitioner has violated the conditions of release and, if so, whether his parole or mandatory release should be revoked or reinstated. 28 C.F.R. 2.50(a). Pursuant to federal law, there has been no delay or deprivation of Petitioner's revocation hearing. It is further demonstrated by the Commissioner's documentation that it is on notice that a hearing shall be held by March 30, 2017, and that it intends on holding the hearing by that date.

## Conclusion

For the reasons stated above, there is no basis for the petition for writ of habeas corpus, and therefore, his petition should be denied. It is recommended that Respondent's Motion to Dismiss (DE # 13) be GRANTED, and that the case be DISMISSED WITH PREJUDICE. All pending motions in this case are hereby DENIED.

SO ORDERED this 21st day of March, 2017.

_____
UNITED STATES MAGISTRATE JUDGE